UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jaswant Singh,<br>Jatinder Singh,<br>Amrik Singh, and<br>Varinderpal Singh,<br><br>        Plaintiffs,<br><br> -v-<br><br>MDB Construction Management Inc., and<br>Fine Art Construction & Painting Corp.,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

 Plaintiffs Jaswant Singh ("Jaswant"), Jatinder Singh ("Jatinder"), Amrik Singh ("Amrik"), and Varinderpal Singh ("Varinderpal"), by Abdul Hassan Law Group, PLLC, their attorneys, complaining of the Defendants MDB Construction Management Inc. ("MDB Construction"), and Fine Art Construction & Painting Corp. ("Fine Art Construction"), (collectively "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that they have been employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable federal minimum wage rate for each hour they worked for Defendants in a week, and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiffs further complain, that they are: (i) entitled to unpaid wages from Defendants for overtime worked for which they did not receive the required overtime pay; (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable

New York State minimum wage rate for each hour they worked for Defendants in a week; and (iii) is entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiffs allege that they were employed by Defendants and that Defendants breached the Contract under which Defendants agreed to pay Plaintiffs at an hourly rate of about $31.25 but did not pay Plaintiffs, except for a fraction of wages owed as detailed below. As a result, Plaintiffs are entitled to recover the wages and damages they are owed as a result of such breach, plus prejudgment interest.

4. Plaintiffs are also entitled to recover their unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section §§ 191, 193 and compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the New York Labor Law and are also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Jaswant Singh ("Plaintiff "or "Jaswant") is an adult, over eighteen years old, who currently resides in Queens County, New York.

9. Plaintiff Jatinder Singh ("Plaintiff" or "Jatinder") is an adult, over eighteen years old, who currently resides in Queens County, New York.

10. Plaintiff Amrik Singh ("Plaintiff" or "Amrik") is an adult, over eighteen years old, who currently resides in Queens County, New York.

11. Plaintiff Varinderpal Singh ("Plaintiff" or "Varinderpal") is an adult, over eighteen years old, who currently resides in Queens County, New York.

12. Upon information and belief, and at all times relevant herein, Defendant MDB Construction Management Inc. was a New York for-profit corporation.

13. Upon information and belief, and at all times relevant herein, Defendant Fine Art Construction & Painting Corp. was a New York for-profit corporation.

14. At all times relevant herein, and for the period of Plaintiffs' employment with Defendants, Plaintiffs were recruited by Defendant Fine Art Construction to work for Defendant MDB Construction.

15. At all times relevant herein, Plaintiffs performed work for Defendants MDB Construction and Fine Art Construction at MDB Construction's job sites including in New York County, at 100 West 94th Street and 80th Street and Columbus Avenue, New York, NY.

16. At all times relevant herein, Defendant MDB Construction Management Inc. had hiring and firing authority. Plaintiffs were screened before hiring by Defendant MDB Construction Management Inc. and were subsequently hired upon approval by MDB Construction.

17. At all times relevant herein, if Defendant MDB Construction was not satisfied with Plaintiffs' work, they held the authority to terminate Plaintiffs' employment with Defendants.

18. During Plaintiffs' employment with Defendants, Plaintiffs performed their jobs using Defendant's MDB Construction's supplies.

19. During Plaintiffs' employment, Plaintiffs were supervised by Defendant MDB Construction.

20. During Plaintiffs' employment, Defendant MDB Construction directed and instructed Plaintiffs as to what work to do and how to do such work.

21. During Plaintiffs' employment, Defendant MDB Construction set Plaintiffs' work schedule and work hours.

22. At all times relevant herein, Plaintiffs were never in business for themselves and were economically dependent for employment, work and wages on Defendants.

23. At all times relevant herein, Plaintiffs' construction and repair work was integral to Defendant's MDB Construction's businesses.

24. At all times relevant herein, Plaintiffs were employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

25. Upon information and belief, and at all relevant times herein, Defendants were involved in the building construction and repair business in the New York tri-state area. See http://www.mdb-construction.com/

26. Upon information and belief, Defendants owned and/or operated at several locations and employed over 20 employees.

27. Plaintiff Jaswant Singh was employed by Defendants individually, and/or jointly from on or about March 28, 2016 to on or about June 16, 2016, as a construction laborer and performed all physical and repetitive duties involved within this capacity.

28. Plaintiff Jatinder Singh was employed by Defendants individually, and/or jointly from on or

about March 8, 2016 to on or about June 16, 2016, as a construction laborer and performed all physical and repetitive duties involved within this capacity.

29. Plaintiff Amrik Singh was employed by Defendants individually, and/or jointly from on or about April 12, 2016 to June 16, 2016, as a construction laborer and performed all physical and repetitive duties involved within this capacity.

30. Plaintiff Varinderpal Singh was employed by Defendants individually, and/or jointly from on or about April 26, 2016 to on or about June 16, 2016, as a construction laborer and performed all physical and repetitive duties involved within this capacity.

31. At all times relevant herein, Defendants, including through Defendant Fine Art Construction agreed to pay Plaintiffs at a regular rate of $31.25 an hour but Defendants failed to pay Plaintiffs at this agreed rate and failed to pay Plaintiffs for each and all hours worked in each week during their employment with Defendants – Plaintiffs received only some of their owed wages from Defendants and such payments were routed through Defendant Fine Art Construction & Painting Corp.

32. At all times relevant herein, Plaintiffs worked about 41-42 hours a week for Defendants and sometimes more - a more precise statement of the hours and wages will be made when Plaintiffs obtain the wage and time records Defendants were required to keep under the FLSA and NYLL.

33. As of June 6, 2016, Plaintiff Jaswant Singh was only paid about $800 by Defendants, Plaintiff Jatinder was only paid about $2940 by Defendants, Plaintiff Amrik was only paid about $1500 by Defendants, and Plaintiff Varinderpal was only paid about $2000 by Defendants.

34. During their periods of employment prior to June 6, 2016, Plaintiffs complained about not being paid their wages and were repeatedly promised payment of the wages they claimed but payment of such wages was never made.

35. On or about June 6, 2016, Plaintiffs told Defendant MDB Construction that they could not

continue working on MDB's project because they were owed wages. In response, Defendant MDB agreed to pay Plaintiffs directly for all outstanding wages owed to them, as well as all wages at the same rate of $31.25 an hour going forward, if they continued working on MDB's project, which they agreed to do and did.

36. Plaintiffs continued working on MDB's project from June 6, 2016 to on or about June 16, 2016 and were forced to stop working after Defendant MDB refused to pay Plaintiffs the wages it had agreed to pay them.

37. At all times relevant herein, Defendants breached their wage and employment agreement they had with Plaintiffs requiring them to pay Plaintiffs at a regular rate of $31.25 an hour or $250 for an eight hour day.

38. At all times relevant herein, Defendants had agreed to pay Plaintiffs on a bi-weekly basis but Plaintiffs were never paid at all except for the amounts set forth in paragraph 33, which were paid in one or two payments.

39. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

40. Upon information and belief and at all times relevant herein, Defendants used and purchased construction materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

41. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

42. At all times applicable herein and upon information and belief, Defendants conducted business outside the State of New York involving construction materials and services.

43. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

44. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

45. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

46. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

47. At all relevant times herein and for the time Plaintiffs were employed by Defendants, Plaintiffs worked more than forty (40) hours in a week for some or all weeks.

48. At all times relevant herein and for the time Plaintiffs were employed by Defendants, Defendants failed and willfully failed to pay Plaintiffs an overtime rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

49. At all times relevant herein and for the time Plaintiffs were employed by Defendants, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs at least the applicable federal and New York State minimum wage rate for each hour worked in a week.

50. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

51. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform Plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

52. "Plaintiffs" as used in this complaint refers to the named Plaintiffs.

53. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

54. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 53 above as if set forth fully and at length herein.

55. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

56. At all times relevant to this action, Plaintiffs were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

57. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

59. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

## Relief Demanded

8

60. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants individually and/or jointly, their unpaid overtime and minimum wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min. Wages)

61. Plaintiffs allege, and incorporate by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

62. At all times relevant to this action, Plaintiffs were employed by Defendants individually and/or jointly within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

63. At all times relevant to this action, Plaintiffs were individually and/or jointly employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

64. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

65. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

## Relief Demanded

66. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, individually and/or jointly, their unpaid overtime and minimum wages,

9

prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION – BREACH OF CONTRACT

67. Plaintiff repeats and incorporates paragraphs 1 through 65 above as if set forth fully and at length herein.

68. At all times relevant herein, Defendants breached the employment and wage agreement they had with Plaintiffs pursuant to which Defendants were required to pay Plaintiffs at a regular rate of $31.25 an hour ($250/day) as set forth above.

69. Plaintiffs fully performed their obligations under this employment and wage agreement.

## Relief Demanded

70. Due to Defendants' breach of the Contract, Plaintiffs are entitled to and seek to recover from Defendants, their unpaid wages, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193 and 198

71. Plaintiffs allege, and incorporate each and every allegation contained in paragraphs 1 through 69 above with the same force and effect as if fully set forth at length herein.

72. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

73. At all times relevant to this action, Plaintiffs were employed by Defendants as manual workers, laborers or workingmen, within the meaning of the New York Labor Law § 190 et seq. including § 191, who should have been paid no later than weekly pursuant to NYLL § 191 (1)(a).

74. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated Plaintiffs' rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiffs the agreed upon wages ($31.25 an hour), as well as their unpaid minimum wages, and overtime wages, (FLSA and NYMWA), weekly, as required under NY Labor Law § 190 et seq.

75. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

76. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL 195(3) – Plaintiff are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

77. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiffs are entitled to recover from Defendants, individually and/or jointly, their entire unpaid wages and wage deductions, including their agreed-upon wages ($31.25 an hour) as well as their unpaid minimum and overtime wages, plus maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

78. Declare that Plaintiffs were individually and/or jointly employed by Defendants and declare

11

Defendants' policy (including their overtime and wage payment policy and practice) to be in violation of the rights of Plaintiffs, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq., and enjoin Defendants from engaging in such violations.

79. As to the **First Cause of Action**, award Plaintiffs their unpaid minimum and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

80. As to the **Second Cause of Action**, award Plaintiffs their unpaid minimum and overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.1 together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

81. As to the **Third Cause of Action**, award Plaintiffs any and all outstanding wages, plus interest;

82. As to the **Fourth Cause of Action**, award Plaintiffs any and all outstanding wages, including their agreed-upon wages ($31.25 an hour), as well as their unpaid overtime and minimum wages, wage deductions, plus maximum liquidated damages – including liquidated damages on all wages paid later than weekly, and prejudgment interest, plus costs, disbursements and attorney's fees pursuant to NYLL § 198.;

83. Award Plaintiffs, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

84. Award Plaintiffs such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
       June 30, 2016

Respectfully submitted,

Abdul Hassan Law Group, PLLC

\_\_/s/ Abdul K. Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiffs*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com