USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JASWANT SINGH, et al., :

                    Plaintiffs, :

   -against- :

MDB CONSTRUCTION MANAGEMENT, :
INC., et al.,
                                :

                    Defendants. :
----------------------------------X

16 Civ. 5216 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 26). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiffs allege that they were jointly employed by MDB Construction Management, Inc. ("MDB"), a construction company, and Fine Art Construction & Painting Corporation ("Fine Art"), a sub-contractor of MDB's.[1] Plaintiffs bring this action

---

[1] According to plaintiffs, MDB and Fine Art each controlled certain aspects of their employment such that both defendants exercised "formal control." Plaintiffs claim that Fine Art specifically recruited them to work on a project for MDB and that they received their salaries from Fine Art, but that MDB had the power to hire and fire them, supervised their day-to-day work and set their work schedules. See generally Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 32 (1961) (setting forth the
(continued...)

under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seek to recover unpaid minimum wage and overtime premium pay. Plaintiffs also assert claims based on defendants' alleged breach of an agreement to pay plaintiffs an hourly rate of $31.25 and defendants' failure to pay plaintiffs on a weekly basis as required for "manual workers." See N.Y. Lab. Law § 191(a).

MDB argues that plaintiffs were employees of Fine Art, not MDB, and that MDB did not supervise plaintiffs, did not have the power to hire or fire plaintiffs and did not set their rate of pay. MDB has asserted several cross-claims against Fine Art for breach of contract and seeks $104,530.16 in damages from Fine Art. To date, Fine Art has not answered plaintiffs' complaint and has not participated in this litigation in any way. Plaintiffs intend to move for a default judgment against Fine Art.

I held a lengthy settlement conference on January 26, 2017 that was attended by the parties and their counsel, with the exception of Fine Art. Although a settlement was not reached at the conclusion of the conference, the parties and I engaged in a protracted discussion of the strengths and weaknesses of the

---

[1](...continued)
factors to be considered in determining whether a person is an "employee" within the meaning of the FLSA).

parties' respective positions, and the parties agreed to continue negotiations. On May 19, 2017, I received a letter informing me that plaintiffs and MDB agreed to resolve the dispute (Letter of Abdul K. Hassan, Esq., to the undersigned, dated May 19, 2017 (D.I. 25)). On November 30, 2017, I received the settlement agreement and the parties' joint application for court approval of the settlement (Letter of Abdul K. Hassan, Esq., to the undersigned, dated Nov. 30, 2017 (D.I. 26) ("Hassan Letter")). The parties agree to resolve the matter for $20,000 -- with $2,500 being paid to each of the four plaintiffs and the remaining $10,000 being paid to plaintiffs' counsel as attorneys' fees and costs (Hassan Letter, Ex. 1-4).[2]

I am unable to approve the proposed settlement because plaintiffs have not explained why it is fair and reasonable for all four plaintiffs to receive equal shares of the settlement fund when their claimed damages are vastly different from one another. Plaintiff Jaswant Singh claims $27,446.88 in damages, plaintiff Jatinder Singh claims $28,448.12 in damages, plaintiff Amrik Singh claims $20,765.62 in damages and plaintiff Varinderpaul Singh claims $14,484.38 in damages. However, under

---

[2] The parties provided a separate written settlement agreement for each of the four plaintiffs attached to the Hassan Letter as Exhibits 1, 2, 3 and 4, respectively. However, the material provisions of each of the agreements are identical.

3

the proposed settlement, each plaintiff would receive an equal share of $2,500. This method of distribution does not "bear a rational relationship to the amount claimed by each plaintiff" and, because the parties do not explain or provide any information supporting this deviation, I must reject the proposed settlement. Flores v. Hill Country Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

Plaintiffs' counsel's request for almost half of the settlement amount as attorneys' fees is equally problematic. While plaintiffs' counsel's request for reimbursement of $520 in out-of-pocket costs is reasonable, his request for $9,480 in fees is not. Counsel's fee proposal would represent 48% of the settlement after the deduction of costs. "[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees [in FLSA cases] except in extraordinary circumstances." Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.); accord Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce

4

Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013). The Court of Appeals for the Second Circuit has cautioned district courts against approving fee awards of 40% because of "the potential for abuse in [FLSA] settlements." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (rejecting attorneys' fees that amounted to 40% to 43.6% of the overall settlement); see also Seck v. Dipna Rx, Inc., 16 Civ. 7262 (PKC), 2017 WL 1906887 at *3 (S.D.N.Y. May 8, 2017) (Castel, D.J.) (rejecting attorneys' fees that amounted to 52% of the overall settlement); Aquino v. Fort Washington Auto Body Corp., 16 Civ. 390 (HBP), 2017 WL 1194734 at *3 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.) (rejecting attorneys' fees that amounted to 40% of the overall settlement); Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 342-43 (S.D.N.Y. 2016) (Moses, M.J.) (rejecting attorneys' fees that amounted to 40% of the overall settlement).

Plaintiffs' counsel argues his fee request is reasonable because he has spent more than 40 billable hours on this case, which would amount to more than $18,000 in fees using his "lower" hourly rate of $450 and more than $24,000 using his "higher" hourly rate of $600. This argument is unpersuasive. Although I appreciate that the effort required to litigate a case is, sometimes, not proportional to plaintiffs' claimed damages,

5

plaintiffs' counsel has failed to provide adequate documentation to demonstrate that litigating this case "required more attention and effort than usual" sufficient to justify an award above the normal rate of one-third of the total settlement. Aquino v. Fort Washington Auto Body Corp., supra, 2017 WL 1194734 at *3; accord Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 206; Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 342-43. In fact, he fails to provide any documentation at all. Plaintiffs' counsel merely states in his letter that he "has expended more than 40 hours" in litigating the action without any contemporaneous time records or supporting documentation (Hassan Letter at 2). Courts routinely reject such requests.[3] See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983) (mandatory requirement for attorneys seeking fees to submit contemporaneous time records that document "the hours expended and the nature of the work done" to justify the award). The Second Circuit in Carey established this "hard-and-fast rule 'from which attorneys may deviate only in the rarest of

---

[3] Plaintiffs' counsel notes in his letter that he will "submit a formal fee application for additional fees as part of a motion for default judgment" against Fine Art (Hassan Letter at 2 n.1). Plaintiffs' counsel is certainly free to do so; however, that application is not currently pending and counsel cannot avoid well settled caselaw simply by stating he plans to submit contemporaneous time records sometime in the future.

6

cases.'" Long v. HSBC USA INC., 14 Civ. 6233 (HBP), 2016 WL 4764939 at *2 (S.D.N.Y. Sept. 13, 2016) (Pitman, M.J.), quoting Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011); see also Aquino v. Fort Washington Auto Body Corp., supra, 2017 WL 1194734 at *3 (denying a fee request of 40% of the total FLSA settlement amount without supporting documentation); Lopez v. Nights of Cabriria, LLC, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015) (Kaplan, D.J.) (denying a fee request where counsel failed to provide contemporaneous billing records).

Furthermore, courts have noted that "it is difficult to justify an above-market contingency fee" where, in cases such as this, the parties settle relatively early in the litigation. Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 343 (refusing a 40% total award fee where case settled after the first deposition).

7

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.

Dated: New York, New York
May 23, 2018

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel