## SETTLEMENT AGREEMENT AND RELEASE

MDB Construction Management Inc. ("Defendant") and Jaswant Singh, ("Singh"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined to include, but is not limited to, Jaswant Singh, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Mr. Singh personally, he will be referred to as "Mr. Singh."

    b.  "Defendant" shall be defined as MDB Construction Management Inc., MDB Development Corp., on their own behalf and on behalf of their present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, insurers, parents, subsidiaries, affiliates, successors, administrators, attorneys, and related entities.

    c.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on June 30, 2016, in the United States District Court, Southern District of New York, with Civil Action #: 16-CV-05216 (KPF)(HBP).

2. **Consideration**. In consideration for Mr. Singh's signing this Agreement and furnishing Defendant with a W-9 for Plaintiff's Counsel, and the releases of all claims against Defendant MDB Construction Management Inc., Defendant agrees to make the following payments:

    a.  One check payable to "Abdul Hassan Law Group, PLLC, as attorney" in the amount of Three Thousand, Three Hundred Ninety-Nine and 49/100 Dollars ($3,399.49) within ten days of judicial approval of this Agreement.

    b.  One check payable to "Abdul Hassan Law Group, PLLC," in the amount of One Thousand, Eight Hundred Twenty-Nine and 74/100 Dollars ($1,829.74), representing a 1/3 contingency fee ($1,699.74), plus costs ($130), to be reported on an IRS Form 1099-MISC (Box 14), due within ten days of judicial approval of this Agreement.

    c.  Plaintiffs agree to defend, indemnify and hold Defendant harmless with respect to any claim made by any taxing authority regarding the Settlement Payment or the allocation of said payment.

    d.  The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

          e.      If any settlement payment herein is due before the date of court approval of this settlement agreement, such payment(s) shall be held in escrow by Defendant and sent within seven days of court approval by overnight delivery, to the office of Plaintiff's counsel Abdul K. Hassan, Esq. located at 215-28 Hillside Avenue, Queens Village, NY 11427.

          3.      **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

          4.      **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims asserted in this action, and any related wage and hour claims consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement. Specifically excluded from this release are any claims Plaintiff has, or may have, against defaulting defendant Fine Art Construction & Painting Corp., Raja Razzaq, and any other responsible parties.

          5.      **Acknowledgments and Affirmations**.

          a.      Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

          6.      **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirms that either may institute an action to specifically enforce any term or terms of this Agreement.  If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agrees to execute a binding replacement release(s).

          7.      **Amendment**.  Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

          8.      **Resolution of Disputes**.  The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Singh was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Singh is competent to execute this Agreement and knowingly and voluntarily waives any and all claims defined herein he may have against Defendant.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**JASWANT SINGH**

By: _Jaswant Singh_

Date: _6/23/18_

**DEFENDANT:**

**MDB CONSTRUCTION MANAGEMENT INC.**

By: _____

Print Name _____

Title_____

Date: _____