USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JASWANT SINGH, et al.,                :

                  Plaintiffs,   :   16 Civ. 5216 (HBP)

   -against-                         :   OPINION
                                                AND ORDER
MDB CONSTRUCTION MANAGEMENT,          :
INC., et al.,
                                    :

                  Defendants.
                                    :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 29). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiffs allege that they were jointly employed by MDB Construction Management, Inc. ("MDB"), a construction company, and Fine Art Construction & Painting Corporation ("Fine Art"), a sub-contractor of MDB's.[1] Plaintiffs bring this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201

---

[1] According to plaintiffs, MDB and Fine Art each controlled certain aspects of their employment such that both defendants exercised "formal control." Plaintiffs claim that Fine Art specifically recruited them to work on a project for MDB and that they received their salaries from Fine Art, but that MDB had the power to hire and fire them, supervised their day-to-day work and set their work schedules. See generally Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 32 (1961) (setting forth the factors to be considered in determining whether a person is an "employer" within the meaning of the FLSA).

et seq., and the New York Labor Law (the "NYLL"), and seek to recover unpaid minimum wage and overtime premium pay. Plaintiffs also assert claims based on defendants' alleged breach of an agreement to pay plaintiffs an hourly rate of $31.25 and defendants' failure to pay plaintiffs on a weekly basis as required for "manual workers." See N.Y. Lab. Law § 191(a).

MDB argues that plaintiffs were employees of Fine Art, not MDB, and that MDB did not supervise plaintiffs, did not have the power to hire or fire plaintiffs and did not set their rate of pay. MDB has asserted several cross-claims against Fine Art for breach of contract and seeks $104,530.16 in damages from Fine Art. To date, Fine Art has not answered plaintiffs' complaint and has not participated in this litigation in any way. Plaintiffs intend to dismiss their claims without prejudice against Fine Art so that they can re-file those claims at a later time.

I held a lengthy settlement conference on January 26, 2017 that was attended by the parties and their counsel, with the exception of Fine Art. Although a settlement was not reached at the conclusion of the conference, the parties and I engaged in a protracted discussion of the strengths and weaknesses of the parties' respective positions, and the parties agreed to continue negotiations. On May 19, 2017, I received a letter informing me that plaintiffs and MDB agreed to resolve the dispute (Letter of Abdul K. Hassan, Esq., to the undersigned, dated May 19, 2017

2

(D.I. 25)). On November 30, 2017, I received the settlement agreement and the parties' joint application for court approval of the settlement (Letter of Abdul K. Hassan, Esq., to the undersigned, dated Nov. 30, 2017 (D.I. 26) ("Hassan 2017 Letter")). The parties agreed to resolve the matter for $20,000 -- with $2,500 being paid to each of the four plaintiffs and the remaining $10,000 being paid to plaintiffs' counsel as attorneys' fees and costs (Hassan 2017 Letter, Ex. 1-4).[2]

I was unable to approve the settlement at that time because (1) although the plaintiffs each alleged substantially different damage amounts, each was being awarded the sum of $2,500 without explanation and (2) plaintiff's counsel requested almost half of the total settlement for attorneys' fees and costs. See Singh v. MDB Constr. Mgmt., Inc., 16 Civ. 5216 (HBP), 2018 WL 2332071 (S.D.N.Y. May 23, 2018).

On June 24, 2018, the parties submitted the proposed settlement agreement currently before me, claiming to have revised it in accordance with my earlier Opinion and Order (Letter of Abdul K. Hassan, Esq., to the undersigned, dated June 24, 2018 (D.I. 29) ("Hassan 2018 Letter")). Under the revised agreement, MBD agrees to pay a total amount of $20,000.01 --

---

[2]The parties have provided separate written settlement agreements for each of the four plaintiffs, attached to the Hassan 2017 Letter as Exhibits 1, 2, 3 and 4, respectively. The material provisions of each of the agreements were identical.

3

$3,399.49 being paid to plaintiff Jaswant Singh, $3,432.30 being paid to plaintiff Jatinder Singh, $3,180.53 being paid to Amrik Singh, $2,974.68 being paid to plaintiff Varinderpal Singh and $7,013.01 being paid to plaintiffs' counsel as attorneys' fees and costs (Hassan 2018 Letter, Exs. 1-4).

Although plaintiffs' counsel properly revised his requested attorneys' fee to $6,493.01, i.e., one-third of the total settlement amount after the deduction of out-of-pocket costs, the four plaintiffs are still receiving inequitable shares under the revised agreement without explanation or justification. Based on the amount claimed by each plaintiff,[3] the equitable pro rata share of the total damages each is entitled to and the share each actually receives under the agreement are as follows:

| Plaintiff | Amount Claimed | Equitable Pro Rata Percent | Actual Settlement Percent Received |
|---|---|---|---|
| Jaswant Singh | $13,723.44 | 30% | 26% |
| Jatinder Singh | $14,224.06 | 31% | 26% |
| Amrik Singh | $10,382.81 | 23% | 24% |
| Varinderpaul Singh | $7,242.19 | 16% | 23% |
| **Total** | **$45,572.50** | | |

---

[3]The amount claimed by each plaintiff includes unpaid wages, exclusive of liquidated damages (Hassan 2017 Letter at 1-2).

4

Plaintiffs once again provide no explanation as to why Varinderpaul Singh should receive 23% of the $12,987 net settlement when his pro rata share is only 16% of the $45,572.50 total claimed damages or why Jatinder Singh should only receive 26% of the net settlement when his pro rata share should be 31%. This method of distribution does not "bear a rational relationship to the amount claimed by each plaintiff" and, because the parties do not explain or provide any information supporting this deviation, I must again reject the proposed settlement. Flores v. Hill Country Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.

Dated: New York, New York
November 15, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel