UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JASWANT SINGH, et al.,                :

                 Plaintiffs,          :      16 Civ. 5216 (HBP)

   -against-                         :      OPINION
                                                  AND ORDER
MDB CONSTRUCTION MANAGEMENT,          :
INC., et al.,
                                     :

                 Defendants.
                                     :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/19

PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 31). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       Plaintiffs allege that they were jointly employed by MDB Construction Management, Inc. ("MDB"), a construction company, and Fine Art Construction & Painting Corporation ("Fine Art"), a sub-contractor of MDB's.[1] Plaintiffs bring this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201

---

[1] According to plaintiffs, MDB and Fine Art each controlled certain aspects of their employment such that both defendants exercised "formal control." Plaintiffs claim that Fine Art specifically recruited them to work on a project for MDB and that they received their salaries from Fine Art, but that MDB had the power to hire and fire them, supervised their day-to-day work and set their work schedules. See generally Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 32 (1961) (setting forth the factors to be considered in determining whether a person is an "employer" within the meaning of the FLSA).

et seq., and the New York Labor Law (the "NYLL"), and seek to recover unpaid minimum wage and overtime premium pay. Plaintiffs also assert claims based on defendants' alleged breach of an agreement to pay plaintiffs an hourly rate of $31.25 and defendants' failure to pay plaintiffs on a weekly basis as required for "manual workers." See N.Y. Lab. Law § 191(a).

MDB argues that plaintiffs were employees of Fine Art, not MDB, and that MDB did not supervise plaintiffs, did not have the power to hire or fire plaintiffs and did not set their rate of pay. MDB has asserted several cross-claims against Fine Art for breach of contract and seeks $104,530.16 in damages from Fine Art. To date, Fine Art has not answered plaintiffs' complaint and has not participated in this litigation in any way. Plaintiffs intend to dismiss their claims without prejudice against Fine Art so that they can re-file those claims at a later time.

I held a lengthy settlement conference on January 26, 2017 that was attended by the parties and their counsel, with the exception of Fine Art. Although a settlement was not reached at the conclusion of the conference, the parties and I engaged in a protracted discussion of the strengths and weaknesses of the parties' respective positions, and the parties agreed to continue negotiations. On May 19, 2017, I received a letter informing me that plaintiffs and MDB had agreed to settle plaintiffs' claims against MDB (Letter of Abdul K. Hassan, Esq., to the undersigned,

2

dated May 19, 2017 (D.I. 25)). On November 30, 2017, I received the settlement agreement and the parties' joint application for court approval of the settlement (Letter of Abdul K. Hassan, Esq., to the undersigned, dated Nov. 30, 2017 (D.I. 26) ("Hassan 2017 Letter")). The parties agreed to resolve the matter for $20,000 -- with $2,500 being paid to each of the four plaintiffs and the remaining $10,000 being paid to plaintiffs' counsel as attorneys' fees and costs (Hassan 2017 Letter, Ex. 1-4).[2]

I was unable to approve the settlement at that time because (1) although the plaintiffs each alleged substantially different damage amounts, each was being awarded the sum of $2,500 without explanation and (2) plaintiff's counsel requested almost half of the total settlement for attorneys' fees and costs. See Singh v. MDB Constr. Mgmt., Inc., 16 Civ. 5216 (HBP), 2018 WL 2332071 (S.D.N.Y. May 23, 2018).

On June 24, 2018, the parties submitted a revised settlement agreement, and advised me that they had modified it to conform to my earlier Opinion and Order (Letter of Abdul K. Hassan, Esq., to the undersigned, dated June 24, 2018 (D.I. 29) ("Hassan June 2018 Letter")). Under the revised agreement, MDB agreed to pay a total amount of $20,000.01 -- $3,399.49 to be

---

[2]The parties provided separate written settlement agreements for each of the four plaintiffs, attached to the Hassan 2017 Letter as Exhibits 1, 2, 3 and 4, respectively. The material provisions of each of the agreements were identical.

paid to plaintiff Jaswant Singh, $3,432.30 to be paid to plaintiff Jatinder Singh, $3,180.53 to be paid to Amrik Singh, $2,974.68 to be paid to plaintiff Varinderpal Singh and $7,013.01 to be paid to plaintiffs' counsel as attorneys' fees and costs (Hassan June 2018 Letter, Exs. 1-4). Although plaintiffs' counsel properly revised his requested attorneys' fee to $6,493.01, i.e., one-third of the total settlement amount after the deduction of out-of-pocket costs, I was still unable to approve the revised settlement agreement because each plaintiff's share of the net settlement amount bore no relationship to each plaintiff's pro rata share of the total amount of damages without explanation or justification. See Singh v. MDB Constr. Mgmt., Inc., 16 Civ. 5216 (HBP), 2018 WL 6920698 (S.D.N.Y. Nov. 15, 2018).

On December 14, 2018, the parties submitted the proposed settlement agreement currently before me, claiming to have revised it in accordance with my November Opinion and Order (Letter of Abdul K. Hassan, Esq., to the undersigned, dated Dec. 14, 2018 (D.I. 31) ("Hassan Dec. 2018 Letter")). Under the proposed agreement, MDB agrees to pay a total amount of $20,000.00 -- $3,896.10 to be paid to plaintiff Jaswant Singh, $4,025.97 to be paid to plaintiff Jatinder Singh, $3,180.53 to be paid to Amrik Singh, $2,974.68 to be paid to plaintiff Varinderpal Singh and $5,922.72 to be paid to plaintiffs' counsel

4

as attorneys' fees and costs (Hassan Dec. 2018 Letter at 2). In essence, plaintiffs' counsel reduced his requested attorneys' fee from $6,493.01 to $5,922.72 to allow for plaintiff Jaswant Singh and plaintiff Jatinder Singh to receive a more equitable share of the $14,077.28 net settlement amount (Hassan Dec. 2018 Letter at 1). Thus, based on the amount claimed by each plaintiff,[3] each plaintiff's equitable pro rata share of the total claimed damages and the percentage of the net settlement amount each will receive are as follows:

| Plaintiff | Amount Claimed | Share of Total Damages | Percentage Received Under the Settlement |
|---|---|---|---|
| Jaswant Singh | $13,723.44 | 30% | 27% |
| Jatinder Singh | $14,224.06 | 31% | 29% |
| Amrik Singh | $10,382.81 | 23% | 23% |
| Varinderpaul Singh | $7,242.19 | 16% | 21% |
| **Total** | **$45,572.50** | | |

Although there is still some discrepancy between the percentages each plaintiff will receive, the revised distribution "bear[s] a rational relationship to the amount claimed by each plaintiff," and plaintiff's counsel explained that any further reduction in plaintiff Amrik Singh's or plaintiff Varinderpal

---

[3]The amount claimed by each plaintiff includes unpaid wages, exclusive of liquidated damages (Hassan 2017 Letter at 1-2).

5

Singh's already agreed upon share "may jeopardize the entire settlement" (Hassan Dec. 2018 Letter at 1). See Flores v. Hill Country Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

6

> their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiffs' net settlement -- $14,077.28 after attorneys' fees -- represents approximately 31% of their total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions and extensive document discovery. The settlement avoids this burden.

Third, the settlement will enable plaintiffs to avoid

the risk of litigation. The main factual dispute in this case is whether plaintiffs were employees of MDB. MDB claimed that it did not supervise plaintiffs, did not have the power to hire or fire plaintiffs and did not set their rate of pay. Given these defenses and the fact that plaintiffs bear the burden of proof, it is uncertain whether, or how much, plaintiffs would recover at trial.

Fourth, because I presided over the settlement conference that preceded the parties' settlement agreement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud.

Plaintiffs also agree in the settlement to release their wage-and-hour claims against MDB. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims"

8

permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the proposed settlement agreement provides that $520 will be paid to plaintiffs' counsel for out-of-pocket costs and $5,402.72 will be paid to plaintiffs' counsel as a contingency fee (Hassan Dec. 2018 Letter at 1-2). Plaintiffs' counsel's request for $520 for filing fees and service fees is reasonable, and I approve it. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 Civ. 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

I also find plaintiff's counsel's request for $5,402.72 -- less than one-third of the total settlement after the deduction of approved costs -- to be a reasonable and appropriate contingency fee. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's

fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiff's counsel is awarded $5,402.72 as a contingency fee and $520 in out-of-pocket costs, for a total of $5,922.72.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
January 22, 2019

SO ORDERED

*/signature/*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel